T.C. Summary Opinion 2021-7

UNITED STATES TAX COURT

ABRAHAN PICHARDO AND CAROLINA PICHARDO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24311-18S.                    Filed March 8, 2021.

Abrahan Pichardo and Carolina Pichardo, pro sese.

Estevan D. Fernandez, for respondent.

SUMMARY OPINION

PANUTHOS, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 10, 2018, the Internal Revenue Service (IRS or respondent) determined a deficiency in petitioners' Federal income tax for taxable year 2016 (year in issue) of $5,348 and a section 6662(a) accuracy-related penalty of $1,070.

After concessions,[2] the issues for decision are:

(1) whether petitioners are entitled to deduct certain unreimbursed employee business expenses totaling $23,169 for the year in issue; and

(2) whether petitioners are entitled to an American Opportunity Credit for the year in issue related to $2,250 of adjusted qualified education expenses.

Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. The record consists of the

---

[1](...continued)
Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

[2]Respondent concedes that petitioners are entitled to deduct charitable cash contributions of $1,200 on their 2016 Schedule A, Itemized Deductions. Respondent further concedes that petitioners are not liable for an accuracy-related penalty under sec. 6662(a) for the year in issue.

stipulation of facts as supplemented with attached exhibits and petitioner Abrahan Pichardo's testimony. Petitioners lived in California when the petition was timely filed.

I. Petitioners' Professional Background

During the year in issue petitioner Carolina Pichardo was employed as a planning supervisor. Petitioner Abrahan Pichardo was a regional planning safety manager employed by Loss Prevention Specialists, LLC (LPS), a company headquartered in Ontario, California.

In his work Mr. Pichardo educated employers and workers from multiple industries about risk management and safety compliance. He educated construction workers who use heavy machinery, general industry workers who operate equipment such as forklifts and conveyors, and agricultural workers who perform hazardous tasks such as irrigation and pesticide application. He also performed outreach work in the business community and facilitated safety measures for businesses including agricultural, healthcare, and construction companies. In his management capacity Mr. Pichardo oversaw 50 other safety consultants who performed similar work for LPS.

Mr. Pichardo's employment required significant travel, including travel away from home overnight. In 2016 he traveled for work throughout the State of California.

Mr. Pichardo's work required him to be credentialed as a safety liaison. To achieve the necessary certifications, he took training courses every four years on the applicable laws and safety requirements of various industries. During the year in issue Mr. Pichardo attended the required training courses through a program accredited by the Occupational Safety and Health Administration at the University of California San Diego Extension (UCSD Extension). Mr. Pichardo attended three training courses at UCSD Extension in 2016. Each course consisted of three credit units and cost $750, resulting in a total education expense of $2,250 during the year in issue.

II.    LPS' Reimbursement Policy and Mr. Pichardo's Business Credit Card

During the year in issue LPS reimbursed Mr. Pichardo $600 per month for vehicle expenses. The company required its employees to substantiate all additional business expenses. There is nothing in this record that indicates Mr. Pichardo requested reimbursement from his employer for his reported business and education expenses beyond the amount received for vehicle reimbursement.

With the approval of LPS, American Express issued a business credit card to Mr. Pichardo. The business credit card was in Mr. Pichardo's name, and he was liable for paying bills associated with it.

III.    Petitioners' Tax Return and Business Records

Petitioners timely filed their 2016 Federal income tax return, electing a filing status of married filing jointly. Petitioners hired a professional tax return preparer to prepare their return. Petitioners provided the preparer with spreadsheets of Mr. Pichardo's monthly business expenses, his client interactions, and equipment that LPS issued to Mr. Pichardo.

Petitioners' 2016 income tax return included Schedule A on which they claimed various deductions totaling $33,948. Petitioners' reported business expenses related to Mr. Pichardo's employment at LPS were calculated using Form 2106, Employee Business Expenses, as follows:

| Form 2106 expenses | Amount |
|---|---|
| Vehicle expenses | $3,834 |
| Travel expenses while away from home overnight | 11,976 |
| Other business expenses | 7,359 |
| Total | 23,169 |

For the year in issue petitioners reported 7,100 business miles and 1,800 commuting miles driven. They multiplied the business miles driven by the standard mileage rate of $0.54 to arrive at the reported vehicle expense of $3,834.[3] Although a letter delivered to respondent dated November 4, 2019, indicates that petitioners included the $600 per month vehicle reimbursement from LPS, the Form 2106 does not reflect any reimbursements received on line 7. Petitioners provided various Excel spreadsheets and other documents in an attempt to substantiate the reported business expenses.

Petitioners also reported $2,250 of adjusted qualified education expenses on their 2016 Form 8863, Education Credits, related to Mr. Pichardo's training courses at UCSD Extension. The reported expenses resulted in a claimed refundable American Opportunity Credit.

To substantiate the education expenses reported on their tax return, petitioners submitted into evidence three invoices of college courses from UCSD Extension. The invoices show that each course attended by Mr. Pichardo in 2016 was paid for with the American Express business credit card. Respondent also received Form 1098-T, Tuition Statement, from the Regents of the University of

---

[3]In lieu of substantiating actual passenger automobile expenses, a taxpayer may calculate them by using the standard mileage rate established by the Commissioner. See sec. 1.274-5(j)(2), Income Tax Regs.

California UCSD showing $2,250 of tuition expenses paid related to Mr. Pichardo's education in 2016.

IV.    Notice of Deficiency

On September 10, 2018, respondent issued a notice of deficiency to petitioners for the year in issue.  Respondent disallowed certain of the expenses related to petitioners' claimed Schedule A itemized deductions, including the entirety of the Form 2106 employee business expense deductions totaling $23,169 and the education expenses of $2,250.

Respondent disallowed the employee business expense deductions because petitioners failed to respond to the IRS examiner's request for information, failed to substantiate that the expenses were paid or incurred during the year in issue, and failed to substantiate that the expenses were ordinary and necessary to Mr. Pichardo's employment as a regional safety manager.  Respondent disallowed the education expense deductions because petitioners failed to verify that the payments qualified for the education credit.  Respondent allowed petitioners a standard deduction of $12,600 for the year in issue.

## Discussion

I.     Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayers bear the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances the burden of proof shifts to the Commissioner if the taxpayers introduce credible evidence with respect to any factual issues relevant to ascertaining the taxpayers' tax liability. Sec. 7491(a)(1). Because petitioners have not alleged or shown that section 7491(a) applies, the burden of proof remains on them.

II.    Unreimbursed Employee Business Expenses

Petitioners claimed a Schedule A itemized deduction (before application of the 2% floor of section 67(a)) for unreimbursed employee business expenses totaling $23,169 for the year in issue. Respondent disallowed the unreimbursed employee business expense deduction in full. According to respondent, petitioners have failed to substantiate the reported expenses related to Mr. Pichardo's work. Respondent asserts that petitioner failed to prove that he was required to incur the expenses in the course of his employment with LPS or to prove that any expenses incurred were not reimbursable by his employer.

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers claiming a deduction on a Federal income tax return must demonstrate that the deduction is provided for by statute and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.  Taxpayers are required to maintain records sufficient to enable the Commissioner to determine their correct tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Such records must substantiate both the amount and the purpose of the claimed deductions.  Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

Section 162(a) allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  Performing services as an employee constitutes a trade or business.  Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).

In order to deduct employee business expenses, taxpayers must not have received reimbursement, and must not have had the right to obtain reimbursement, from their employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533. The taxpayers bear the burden of proving that they are not entitled to reimbursement from their employers for such expenses. See Fountain v. Commissioner, 59 T.C. 696, 708 (1973). Taxpayers can prove that they were not entitled to reimbursement by showing, for example, that they were expected to bear the costs in question. See id.; see also Dunkelberger v. Commissioner, T.C. Memo. 1992-723 (finding that management team expected taxpayer to bear expense of business lunches with vendors).

For the year in issue petitioners reported $3,834 in vehicle expenses on the basis of the standard mileage rate, $11,976 in travel expenses while away from home overnight, and $7,359 in other business expenses.[4] Mr. Pichardo testified

_____

[4]Although we find for respondent on a separate ground, we note that Mr. Pichardo's records were generally insufficient to substantiate his reported business expenses. Mr. Pichardo submitted into evidence a spreadsheet entitled "2016 Expense Report Totals" listing, among other expenses, amounts purportedly spent on gas, hotels, airfares, rental cars, and overnight meals. Each of these categories is subject to the strict substantiation rules of sec. 274(d), and thus the amounts cannot be estimated. Apart from a single airline invoice and a document entitled "Summary of Tolls per Transponder / Vehicle" (toll invoice), Mr. Pichardo did not provide the Court with additional substantiating receipts, invoices, or other documentary evidence. The 2016 Expense Report Totals spreadsheet lists

(continued...)

that he received $7,200 ($600 per month) of vehicle reimbursements from his employer during the year in issue. It is unclear which, if any, of the vehicle and travel expenses reported on petitioners' tax return was covered by the vehicle reimbursements received. Mr. Pichardo further testified that his employer required him to substantiate expenses beyond the $600 vehicle allowance.

Petitioners have not offered credible evidence as to which of Mr. Pichardo's expenses might have been eligible for reimbursement by LPS. Mr. Pichardo's testimony implied that he would have had the right to reimbursement for his reported business expenses if he had provided his employer with the appropriate substantiation. He did not testify that he attempted to obtain reimbursement for

---

[4](...continued)
monthly totals for broad expense groups; it does not adequately provide the amount, time, place, and business purpose of any of the individual expenses as required by the Code. See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Nor does the spreadsheet provide the Court with a reasonable basis to estimate the rest of Mr. Pichardo's reported business expenses. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Mr. Pichardo did submit documentary evidence that $544 in tolls and $110 in fees associated with eight different toll transponders were prepaid by some party in 2016. However, the toll invoice did not list Mr. Pichardo as the payor. Nor did Mr. Pichardo provide additional evidence connecting him to the account number listed on the document. Additionally, his testimony was unclear as to why he would have used eight different transponders in a single year and whether any of the transponders listed on the toll invoice were associated with his vehicle. For these reasons, the toll invoice is insufficient to substantiate Mr. Pichardo's purported toll expenses.

the expenses from LPS at any time. Petitioners have not met their burden of showing that LPS would not have reimbursed the reported vehicle expenses, expenses associated with travel away from home overnight, or other business expenses. See Orvis v. Commissioner, 788 F.2d at 1408; Fountain v. Commissioner, 59 T.C. at 708. For these reasons, we conclude that petitioners were not entitled to deduct any unreimbursed employee business expenses for the year in issue.

III. Education Credits

The Code allows a variety of education credits, including the American Opportunity Tax Credit, a modified version of the Hope Scholarship Credit that was in effect for the year in issue. See sec. 25A(i). The American Opportunity Tax Credit provides for a credit against tax equal to 100% of qualified tuition and related expenses paid by a taxpayer during the taxable year up to $2,000, plus 25% of such expenses paid that exceed $2,000 but do not exceed $4,000, allowing for a maximum credit of $2,500. Sec. 25A(i)(1). Up to 40% of the credit may be refundable. Sec. 25A(i)(5). The credit is allowed for the first four years of postsecondary education for qualified tuition and expenses including required course materials. Sec. 25A(i)(2) and (3). The credit is allowed only for four

taxable years with respect to any eligible student. Sec. 25A(i)(2).[5] The credit is available only if (among other things) the student is enrolled at least half time for at least one academic period that begins during the taxable year. See sec. 25A(b)(2)(B).

For two independently sufficient reasons, we conclude that petitioners are not entitled to the education credit they claim. First, the record shows that Mr. Pichardo was not enrolled at least half time at an eligible educational institution during 2016. To substantiate his education expenses, petitioners provided three invoices related to courses at UCSD Extension. Respondent also received a Form 1098-T confirming that $2,250 of expenses was paid relating to Mr. Pichardo's enrollment at UCSD Extension during the year in issue. The Form 1098-T states that Mr. Pichardo was a "less than half time student", a fact which Mr. Pichardo confirmed during his testimony. On the basis of this status petitioners do not qualify for the American Opportunity Tax Credit for 2016. See sec. 25A(b)(2)(B).

---

[5]Sec. 25A(i)(2) modifies sec. 25A(b)(2)(A) to read: "Credit allowed only for 4 taxable years.--An election to have this section apply with respect to any eligible student for purposes of the Hope Scholarship Credit under subsection (a)(1) may not be made for any taxable year if such an election (by the taxpayer or any other individual) is in effect with respect to such student for any 4 prior taxable years."

Second, to claim a credit petitioners must show that they paid Mr. Pichardo's tuition. See sec. 25A(b)(1)(A) (allowing credit for "qualified tuition * * * paid by the taxpayer"). The Form 1098-T was addressed to Mr. Pichardo and shows that tuition was paid using his business credit card. Although he testified that he was responsible for managing and paying the bills on that card, Mr. Pichardo has not supplied bank statements or other corroborating evidence proving that he personally paid the business credit card bills. It is also unclear which, if any, expenses on the card were reimbursed by LPS.

For these reasons, petitioners have failed to demonstrate their entitlement to any education credit for the year in issue.[6]

IV.     Conclusion

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

---

[6]We need not address petitioners' entitlement to a Lifetime Learning Credit in lieu of an American Opportunity Tax Credit because they have failed to substantiate their payment of any qualified tuition or related expenses.

To reflect the foregoing conclusions and respondent's concessions,

Decision will be entered under

Rule 155.